**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

B.T., a minor child, by and through his father,
legal guardian, and next friend, G.T.,

Plaintiff,

vs. No. CIV-05-1165 JB/RLP

SANTA FE PUBLIC SCHOOLS,
GLORIA RENDON, individually and in her official capacity;
VICKI SEWING, individually and in her official capacity;
CYNTHIA SANCHEZ, individually and in her official capacity;
ERNEST FRANK DOMINGUEZ, III, individually and in his official capacity;
NEW MEXICO PUBLIC EDUCATION DEPARTMENT,
MICHAEL J. DAVIS, individually and in his official capacity;
MARILYN SCARGALL, individually and in her official capacity;
WILLIE BROWN, individually and in his official capacity;
TUCUMCARI MUNICIPAL SCHOOLS;
FELIX R. JIMENEZ, individually and in his official capacity;
ALLIE PELAYO, individually and in her official capacity, and
FRANK ALBETTA, individually and in his official capacity,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the First Amended Motion for Extension of Time to Serve Amended Complaint or in the Alternative to Permit Service by Publication on Certain Defendants and Memorandum in Support Thereof, filed March 6, 2006 (Doc. 16). The primary issue is whether the Plaintiff, B.T., a minor, by and through his father, legal guardian and next friend, G.T., has shown good cause why the Court should extend the time for him to serve two Defendants. While the Court is not convinced that B.T. has shown good cause for an extension as of right, the Court will exercise its discretion to grant the requested extension. The Court will also deny B.T.'s request to permit service by publication as moot.

**PROCEDURAL BACKGROUND**

B.T. filed his Complaint on November 4, 2005. B.T. had until March 4, 2006 to serve the Defendants. B.T. recently filed a First Amended Complaint on February 1, 2006 that reorganized her claims against the parties without adding any new Defendants. See generally First Amended Complaint, filed February 1, 2006 (Doc. 4). The Offices of Nancy L. Simmons, P.C. has recently entered this matter on B.T.'s behalf.

B.T. represents that, upon information and belief, Sanchez and Rendon are former employees of Santa Fe Public Schools. See Motion for Extension of Time at 2. Rendon may have retired. See id. B.T. has been unable to obtain current and valid addresses for Sanchez and Rendon, and represents, upon information and belief, that Sanchez and Rendon may have moved out of state. See id. B.T. states that an Internet search has uncovered what appears to be a former address for Gloria Rendon in Santa Fe, but nothing yet for Sanchez. See id. B.T. represents that counsel for Santa Fe Public Schools may obtain Sanchez' address from her client. See id.

The Honorable John E. Conway, Senior United States District Judge, dismissed Davis, Scargall, and Brown from a similar lawsuit, A.D. v. Santa Fe Public Schools, No. CIV-04-604 MV/RHS. See Motion for Extension of Time at 2. At the time she filed this motion, B.T.'s counsel was researching whether she should voluntarily dismiss these Defendants as parties based on similar facts and/or legal theories. See id.

B.T. moves the Court for an order granting a forty-five day extension of time to serve the amended complaint on Defendants Cynthia Sanchez, Gloria Rendon, Michael J. Davis, Marilyn Scargall, and Willie Brown -- employees of the New Mexico Public Education Department. See id. With regard to Sanchez and Rendon, B.T. sought in her motion an extension of time of forty-five

days to serve discovery requests and receive responses, and to conduct further research by all available means in an effort to obtain valid addresses for these Defendants in an effort to effectuate service. See id. With regard to Davis, Scargall, and Brown, B.T. also sought an extension of forty-five days to review the applicable law and Judge Conway's opinion in A.D. v. Santa Fe Public Schools to determine whether to voluntarily dismiss these Defendants or effectuate service on them. See id. at 3.

In the alternative, and as to Sanchez and Rendon, B.T. requests that the Court enter an order permitting service by publication. See id. at 1. At another place in the motion, however, B.T. requests that, if he cannot locate them by ordinary means, the Court enter an order permitting service by publication "on these Defendants," suggesting that he wishes to serve all five unserved Defendants by publication. Id. at 3. See also Fed. R. Civ. P. 4(e)(1); N.M. R. Civ. P. 1-004(K).

In his motion, B.T. represents that Nancy Nickerson, counsel for Defendants Tucumcari Municipal Schools, Felix R. Jimenez, and Allie Pelayo, opposes this motion. See Motion for Extension of Time at 1. Counsel for Defendants Santa Fe Public Schools and the Board of Education of Santa Fe Public Schools, Robyn Hoffman, does not oppose the extension of time, but opposes service by publication. See id. At the time B.T. filed his motion, his counsel had contacted the office of Gregory L. Biehler, counsel for Defendants Frank Albetta and Kennedy, Albetta & Ives, but he had not responded. See id. B.T.'s counsel also contacted the office of Kevin M. Brown, attorney for Defendant Ernest Dominguez, III, but he also had not responded. See id. No counsel has entered an appearance or special appearance on behalf of the unserved Defendants. See id.

The Court scheduled a hearing on B.T.'s motion for an extension of time on service for Tuesday, March 21, 2006 at 1:30 p.m. See Notice of Hearing at 1, filed March 14, 2006 (Doc. 18).

On March 17, 2006, B.T.'s counsel wrote the Court to update the status of the issues of service of process. See Letter from Nancy L. Simmons to Honorable James O. Browning, United States District Judge at 1, filed March 20, 2006. She reported that there had been some progress on resolving the service issues. See id.

B.T. reminded the Court that there are two groups of Defendants that he needed extra time to serve: (i) employees of Santa Fe Public Schools; and (ii) employees of the New Mexico Public Education Department. See id. B.T. stated that, of the two Santa Fe Public Schools Defendants, he had agreed to voluntarily dismiss Rendon, and Sanchez' counsel had agreed to accept service on her behalf. See id. B.T. also stated that, upon review of the prior, similar complaint against the Defendants, and of Judge Conway's opinion dismissing the employees of the New Mexico Public Education Department, he had decided to voluntarily dismiss Davis. See id.

Thus, the only remaining issue before the Court, as of the March 17th letter, was whether the Court should allow B.T. additional time to serve Scargall and Brown. See id. B.T. has not served Scargall or Brown. See id. No attorney has, accordingly, yet entered an appearance on their behalf. See id.

B.T. wrote to Scargall and Brown's attorney in the prior case, Stephen Hamilton, to advise him of the upcoming hearing should he choose to attend and to request that he accept service on Scargall and Brown. See id. At the time B.T.'s counsel wrote the Court, B.T. had not received a response, but promised to update the Court as soon as he did. See id. at 1-2. Finally, B.T. represented that, of those counsel who have entered an appearance, his counsel believes that the only attorney who objected to an extension of time was counsel for Tucumcari Municipal Schools and two of its employees. See id. at 2. Counsel for these three Defendants has now withdrawn her objection

to the motion. See id. Counsel for Albetta and counsel for Dominguez have not taken a position on the motion. See id.

B.T. wrote the Court again on March 21, 2006. B.T. explained that his motion to extend the time for service as to Sanchez and Rendon was now moot because the former's counsel had agreed to accept service on her behalf and B.T. has moved to voluntarily dismiss the latter from this case. See Letter from Nancy L. Simmons to Honorable James O. Browning, United States District Judge, at 1 (dated March 21, 2006). B.T. represented that the only Defendants remaining to be served are Brown and Scargall. See id. Hamilton declined to accept service on Brown and Scargall's behalf because Hamilton has not yet been retained by them and is therefore not authorized to accept service. See id. B.T. has located Brown and Scargall and expects that his process server will serve them personally sometime on March 21, making moot his motion to permit service by publication. See id.

B.T. believes that the only question before the Court is whether to permit service on Brown and Scargall beyond the 120 days since he filed his original complaint. As of March 21, it has been 137 days since B.T. filed his original complaint and 48 days since he filed his amended complaint.[1] See id. No party, served or unserved, has filed any written opposition to this motion.

**RULE 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service

[1] B.T. states that it has been 49 days since he filed his amended complaint. See March 21 Letter at 1. According to the Court's calculation, it has been 48 days since B.T. filed his amended complaint on February 1, 2006, although it was not docketed until February 3, 2006.

for an appropriate period. . . .

A plaintiff receives an additional 120 days to serve an amended complaint on parties added by the amended complaint. See Carmona v. Ross, 376 F.3d 829, 830 (8th Cir. 2004)(citations omitted); McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990).

Under rule 4(m) of the Federal Rules of Civil Procedure, the court employs a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. See id. Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See id.; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Tenth Circuit cases that interpreted rule 4(j) continue to provide guidance in determining whether good cause has been shown under rule 4(m). See Espinoza v. United States, 52 F.3d at 841. "The 'good cause' provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994)(quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n.2 (E.D. Pa. 1988)). See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996)(holding that the bankruptcy court, in finding that good cause for untimely service was not shown, did not abuse its discretion, because a plaintiff must show meticulous efforts, and an unexplained plaintiffs' miscalculation in the deadline, even when no prejudice shown, did not constitute good cause when combined with a decision to wait until the last minute to serve the defendant -- apparently for

strategic purposes). "[I]nadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules also usually do not suffice." In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987), and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439).

If a plaintiff is unable to show good cause, the Court should consider several factors in determining whether to grant a permissive extension, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding *pro se*, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m).

**ANALYSIS**

B.T. has not shown good cause for the requested extension. B.T. does not show in any detail what efforts he made to get Scargall and Brown served within the 120-day period. While B.T. has explained the difficulties, he has not explained what he did to overcome those difficulties to effectuate service within rule 4(m)'s 120-day window.

While B.T. is not, on the record before the Court, entitled to an extension as of right, the Court may grant an extension in its discretion after considering factors such as whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding *pro se*, and whether the defendants are evading service. See Espinoza v. United States, 52 F.3d at 842; Fed. R. Civ. P. 4(m) advisory committee notes to the 1993 amendments to subdivision (m). B.T. represents that, because of the running of the statute of limitations, dismissal of his Complaint may result in the loss of his claims. See Motion for Extension of Time at 3. As an alternative argument, B.T. argues that dismissal is contrary to judicial economy, in that B.T. is a minor and could file a new lawsuit on

the basis of tolling because he is a minor, resulting in two federal lawsuits involving the identical Plaintiff and claims. See id.

While B.T. has not shown good cause, there are good reasons to grant the limited extension. The case is in its early stages and the delay in service has not been a serious impediment to the progress of this case. There is no reason to put undue burdens in front of the new counsel trying to push this case forward. Also, the statute of limitations may bar B.T. from re-filing his case if the Court dismissed this action. The Court will therefore grant a permissive extension of forty-five days to complete service as to Brown and Scargall.

**IT IS ORDERED** that the First Amended Motion for Extension of Time to Serve Amended Complaint or in the Alternative to Permit Service by Publication on Certain Defendants is granted in part and denied in part. The Plaintiff shall have an additional forty-five days to serve the Complaint on Defendants Marilyn Scargall and Willie Brown. The Court will deny as moot his request that the Court permit service by publication.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Debra D. Poulin
Santa Fe, New Mexico

– and –

Nancy L. Simmons
The Law Offices of Nancy L. Simmons, P.C.
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Stephen G. French
Robyn B. Hoffman
French & Associates, PC
Albuquerque, New Mexico

*Attorneys for Defendants Santa Fe Public Schools and Gloria Rendon*

John Stiff
John S. Stiff & Associates, LLC
Albuquerque, New Mexico

*Attorneys for Defendant Vicki Sewing*

Kevin M. Brown
Brown & German
Albuquerque, New Mexico

*Attorneys for Defendant Ernest Frank Dominguez, III*

Nancy E. Nickerson
Coppler & Mannick, PC
Santa Fe, New Mexico

*Attorneys for Defendants Tucumcari Municipal School Felix R. Jimenez, and Allie Pelayo*

Gregory L. Biehler
Beall & Biehler
Albuquerque, New Mexico

    *Attorneys for Defendant Frank Albetta*