IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

B.T., a minor child, by and through his father,
legal guardian, and next friend, G.T.,

      Plaintiff,

vs.                                                    No. CIV-05-1165 JB/RLP

SANTA FE PUBLIC SCHOOLS;
GLORIA RENDON, individually and in her official capacity;
VICKI SEWING, individually and in her official capacity;
CYNTHIA SANCHEZ, individually and in her official capacity;
ERNEST FRANK DOMINGUEZ, III, individually and in his official capacity;
NEW MEXICO PUBLIC EDUCATION DEPARTMENT,
MICHAEL J. DAVIS, individually and in his official capacity;
WILLIE BROWN, individually and in his official capacity;
TUCUMCARI MUNICIPAL SCHOOLS;
FELIX R. JIMENEZ, individually and in his official capacity;
ALLIE PELAYO, individually and in her official capacity,
FRANK ALBETTA, individually and in his official capacity, and
KENNEDY, ALBETTA & IVES, LLP,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Plaintiff's Motion for Leave to File Second Amend[ed] Complaint, filed August 22, 2006 (Doc. 65)("Motion to Amend"). The primary issue is whether the Court should allow Plaintiff B.T., a minor child proceeding by and through his father, legal guardian, and next friend, G.T., to amend his First Amended Complaint and file his Second Amended Complaint, which B.T. has attached to this motion. Because, under the Federal Rules of Civil Procedure, leave to amend should be freely granted, because the Court has previously indicated to B.T. that he may wish to clarify his claims against the remaining Defendants, and because the remaining Defendants have withdrawn their opposition to this motion, the Court will grant the

motion.

## PROCEDURAL BACKGROUND

B.T. filed the original Complaint in this action on November 4, 2005, naming, among others Marilyn Scargall, Willie Brown, and Michael Davis (collectively "NMPED Defendants") as Defendants. See Complaint for Civil Rights Violations, Negligence, Sexual Assault, Harassment, Negligent Misrepresentation, Hiring and Retention, Tort Claims, and for Monetary Damages and other Affirmative Relief, filed November 4, 2005 (Doc. 1). B.T. filed his First Amended Complaint on February 1, 2006, again naming the NMPED Defendants. See First Amended Complaint, filed February 1, 2006 (Doc. 4). On March 21, 2006, B.T. voluntarily dismissed Davis from the case pursuant to rule 41(a) of the Federal Rules of Civil Procedure without having served him with either the original or the First Amended Complaint. See Notice of Voluntary Dismissal Without Prejudice of Michael J. Davis, filed March 21, 2006 (Doc. 23). B.T. represents that, since that date, he has obtained additional information, including copies of correspondence from Davis, indicating that Davis participated in the decision to grant or renew Defendant Ernest Frank Dominguez III's New Mexico state teacher's license. See Motion to Amend, ¶ 4, at 2.

Brown and Scargall moved to dismiss the First Amended Complaint on April 21, 2006. See Motion to Dismiss Defendants Marilyn Scargall and Willie Brown, filed April 21, 2006 (Doc. 36). On July 18, 2006, the parties advised the Court that B.T. and all Defendants, with the exception of Scargall and Brown, successfully settled all disputes among them at a mediation on July 14, 2006. See Letter from Nancy L. Simmons to the Court at 1 (dated July 18, 2006), filed July 18, 2006 (Doc. 55). Scargall and Brown declined to participate in the mediation. See id.

The Court held a hearing on Scargall's and Brown's motion to dismiss on August 4, 2004.

See Clerk's Minutes, filed August 22, 2006 (Doc. 66). At the motion hearing on August 4, 2004, the Court indicated, and B.T.'s counsel agreed, that B.T. may wish to amend his Complaint to more clearly state his theory regarding allegations that the NMPED Defendants wrongfully granted or renewed Dominguez' teaching license. See Motion to Amend ¶ 2, at 2; Transcript of Hearing at 32:2-4 (Court)(taken August 4, 2006).[1]

B.T. filed his motion requesting leave to file his Second Amended Complaint on August 22, 2006. See Motion to Amend. B.T. attaches a copy of the proposed pleading to his motion. See id., Exhibit A, Second Amended Complaint. On September 12, 2006, the NMPED Defendants filed a Response in opposition to B.T.'s motion to amend. See Response to Plaintiff's Motion for Leave to File Second Amended Complaint, filed September 12, 2006 (Doc. 72). On March 6, 2007, however, the NMPED Defendants withdrew the objection to B.T.'s motion to amend. See Withdrawal of Objection to Filing of Second Amended Complaint, filed March 6, 2007 (Doc. 77).

On March 12, 2007, the Court filed its Memorandum Opinion and Order granting Scargall's and Brown's motion to dismiss in part and denying the motion in part. See Memorandum Opinion and Order, filed March 12, 2007 (Doc. 80). In its March 12, 2007 opinion, the Court reiterated that, to the extent that B.T.'s claims arise from Dominguez' application for a renewed teacher's license, B.T. may wish to amend his complaint to clarify his theory. See id. at 23.

## LAW REGARDING AMENDMENT OF PLEADINGS

Federal Rule of Civil Procedure 15(a) states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In accordance with rule 15(a), leave to amend should be

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

granted absent a legitimate reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). The United States Court of Appeals for the Tenth Circuit has emphasized that "[t]he purpose of [rule 15(a)] is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir. 2006)(quoting Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982)).

## ANALYSIS

The Court has previously indicated that B.T. might consider amending his First Amended Complaint to clarify his claims against the NMPED Defendants related to the issuance of a renewal teaching license to Dominguez. In light of the Court's March 12, 2007 opinion granting Scargall's and Brown's motion to dismiss in part and denying it in part, B.T.'s allegations related to the renewal or issuance of Dominguez' teaching license constitute the sole remaining claim in this case. Because leave to amend should be freely granted, because the Defendants do not oppose this motion, and because the Court believes that permitting B.T. to amend his complaint will provide the maximum opportunity to have his remaining claim decided on the merits rather than on procedure, the Court will grant the motion and permit B.T. to file his Second Amended Complaint.

**IT IS ORDERED** that the Motion for Leave to File Second Amended Complaint is granted. The Plaintiff is allowed to file the Second Amended Complaint attached to his motion as Exhibit A within ten days of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Sylvia F. LaMar
Debra D. Poulin
Santa Fe, New Mexico

-- and --

George T. Geran
Santa Fe, New Mexico

-- and --

Nancy L. Simmons
The Law Offices of Nancy L. Simmons, P.C.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*


Stephen S. Hamilton
Emma R. Brittain
Montgomery & Andrews, P.A.
Santa Fe,  New Mexico

    *Attorneys for Defendants New Mexico Public Education Department,*
     *Michael J. Davis; Willie Brown, and Marilyn Scargall*